## 5378.  BALLEW v. THE STATE.

1. On a trial for trespass, where the indictment charged that the accused hunted on land of J. P. Dyar Sr., "known as the Andy Kinman farm, in the fifteenth district and third section of Gordon county," and "registered in the register for posting lands  .  . as provided in sections 1958, 1959, and 1961 of the Code of Georgia," it was error to admit in evidence an entry in the register for posting lands in Gordon county, offered for the purpose of showing registration of the land in question,

and showing the registration of "lands belonging to J. P. Dyar, known as the Dyar farm," in the fifteenth and sixth districts and third section, it not appearing that the land registered included the "Andy Kinman farm."

2. In the absence of legal evidence that the land described in the indictment had been registered as alleged, the conviction was not authorized.

DECIDED APRIL 18, 1914.

Indictment for trespass; from Gordon superior court—Judge Fite.  October 27, 1913.

*F. A. Cantrell, J. M. Lang,* for plaintiff in error.

*Sam. P. Maddox, solicitor-general,* contra.

WADE, J.   Elmo Ballew and John Hogan were jointly indicted for the offense of trespass, for that, on the 19th of August, 1911, in Gordon county, they did "unlawfully and with force and arms hunt with firearms on the inclosed land of J. P. Dyar Sr., . . the same being the land known as the Andy Kinman farm, in the fifteenth district and third section of · Gordon county, . . said tract of land having been legally posted by the said J. P. Dyar Sr. in two or more places on said tract of land, and registered in the register for posting lands as required by law, and as provided in sections 1958, 1959, and 1961 of the Code of Georgia."   Ballew was convicted, his motion for a new trial was overruled, and he brought the case here for review.

The indictment alleges that Ballew hunted on land "known as the Andy Kinman farm, in the fifteenth district and third section of Gordon county," and another material allegation therein is that the land was "registered in the register for posting lands."   The proof offered to sustain the allegation that the land was registered in accordance with law and as alleged in the indictment was the register for posting lands in Gordon county, Georgia, which read as follows: "J. P. Dyar.   Farming lands belonging to J. P. Dyar, known as the Dyar farm, located in the 856th district, G. M., nearly Lilly Pond P. O., containing 659 acres.   # 176, 177 & 157, 144, 175, 155, 147 & 50 acres # 45, 15 & 6 dist. and 3d sec.   Registered in the presence of J. M. Fossett, T. R. Gordon, 27th May, 1904."   The introduction of the register in evidence was objected to on the ground that it did not show that the Andy Kinman farm was included in the description of the Dyar place therein named. This contention was well taken, and the register should not have been admitted in evidence; and, since the allegata and the probata

must agree on all material points, the court erred thereafter in declining to grant the motion for a new trial, in the absence of any legal evidence showing that the Andy Kinman farm had been registered as alleged in the indictment. This variance might have been cured if any proof had been offered showing that any one or more of the lots shown by number on the register introduced in evidence included or was the "Andy Kinman farm," referred to in the indictment.                    *Judgment reversed. Roan, J., absent.*